Moore v. Moore.

# EDITH LOVERING MOORE

*v.*

# EDMUND L. MOORE.

San Juan, Equity, No. 1028.

NONRESIDENT DEFENDANT.

Equity—Service by Publication.

    1. The Federal statutes have properly provided for publication against a nonresident where the court is acting in regard to property within the jurisdiction.

Laches—Husband and Wife.

    2. There can be no laches set up by husband or wife against the other for the time when they are living together as such.

Husband and Wife—Community Property.

    3. A suit as to community property may be had between husband and wife in Porto Rico, where defendant is an absentee or has given cause for divorce, although the marriage has not been dissolved.

Opinion filed December 1, 1919.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. D. F. Kelley* for defendant.

HAMILTON, Judge, delivered the following opinion:

The bill in this case was filed July 3, 1919, and is designed to set aside as fraudulent a conveyance taken by a husband to himself of property purchased with the money of the wife's

separate estate. A motion to dismiss was filed August 29 on several grounds, some of which will be noticed.

1. The motion avers that the bill does not set forth grounds for the jurisdiction of this court, or facts constituting a valid cause of action in equity, and does not allege that the plaintiff is without remedy at law. As equity goes to the merits, and not to the form; the lack of allegation as to no remedy at law is not material, provided a cause of action in equity is properly set up, and the court can see that there is no remedy at law. The principal question as to the bill is whether it comes properly under § 57 of the Judicial Code, being a codification of the Act of March 3, 1875, § 8, amending or superseding Rev. Stat. § 738, 18 Stat. at L. 472. This section provides for service upon the defendant if practicable, upon the person in possession, or by publication.

"Sec. 57. When in any suit commenced in any district court of the United States to enforce any legal or equitable lien upon or claim to, or to remove any encumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought, one or more of the defendants therein shall not be an inhabitant of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing such absent defendant or defendants to appear, plead, answer, or demur by a day certain to be designated. . . ." [36 Stat. at L. 1102, chap. 231, Comp. Stat. § 1039, 5 Fed. Stat. Anno. 2d ed. p. 525].

In the suit at bar the service is by publication, and the question is whether the suit is of a nature justifying such procedure. It has been held by Mellen v. Moline Malleable Works, 131 U. S. 352, 33 L. ed. 178, 9 Sup. Ct. Rep. 781; Simkins, Fed. Eq.

Suit, 3d ed. 105, that a suit to set aside a fraudulent conveyance is to be deemed one within the terms of the Act of 1875. A somewhat similar suit was brought in this court in the case of Fernandez y Perez v. Perez y Fernandez, 4 Porto Rico Fed. Rep. 201, where, as stated by Chief Justice White on appeal, a judgment creditor commenced suit "to unmask alleged fraudulent and simulated mortgages and sales of certain described real property." The case went to the Supreme Court and was reversed upon a ground that has no relation to the jurisdiction of the court to entertain the suit; to wit, to the right of the non-resident defendant published against to come in without other terms than costs. Perez y Fernandez v. Fernandez y Perez, 220 U. S. 224, 55 L. ed. 443, 31 Sup. Ct. Rep. 412.

The theory of this statute and these decisions is that a court, something like the state it represents, has plenary jurisdiction over the real property within the geographical limits of the district, whether the defendant resides there or not. It is quite true that this is a departure from the original theory of a court of equity, which was that the court acted strictly in personam, and not in rem, having power to compel a resident defendant to form a contract or do other acts affecting even property outside of the territorial limits of the court's jurisdiction. No reason appears, however, why the Federal government is not competent to extend the jurisdiction of a court of equity in this regard. This is not a case of conferring law jurisdiction upon a court of equity, for "unmasking" fraudulent conveyances has always been one of the principal functions of a court of equity. The statute in question is bringing into a suit of strictly equitable principles about land within the jurisdiction a defendant who is personally outside the jurisdiction. This has been done, how-

ever, time out of mind, by the courts of all states, and no reason appears why Congress should not apply the principle also to Federal courts.

2. It is argued that the claim is barred by laches, inasmuch as the transaction complained of was dated about 1907, and plaintiff says that some time after the purchase she became suspicious of the defendant and came to fear that her interest was not fully protected, and so she requested the defendant to transfer the property to her, a request made on many occasions thereafter, but all in vain.

The general rule is that courts decline to go into questions between husband and wife, based upon the intimacy of the marital relation. While it cannot be said to be an ideal situation when the wife is suspicious of the business actions of her husband, it cannot be said to dissolve the relation of trust and confidence which legally exists between the parties. So long as husband and wife live together as such the legal relation of trust and confidence must be held to continue. Indeed it is almost impossible to think of a suit of the nature of the one now before the court being brought by a wife against the husband without some kind of breaking up of the marital relation. Laches cannot fairly be imputed under the facts set out in this bill.

3. The motion sets up that no suit as to community goods can be brought between husband and wife until the marriage is dissolved, on joint request, when the defendant has been declared an absentee, or has given cause for divorce. Porto Rico Civil Code, §§ 1330–1343. The Civil Code does not require a divorce as a prerequisite for such a suit, but that the defendant be an absentee or has given cause for divorce. One of the causes of divorce is "the abandonment of the wife by the hus-

band or of the husband by the wife for a longer period of time than one year." Civil Code, § 164. This ground of divorce is set up in the bill, not as a basis for a decree of divorce in this court, but as fulfilling the necessity of alleging a ground for divorce as a basis for a suit of the kind at bar.

Moreover, the suit in question is not one for dissolution of community property. The civil law recognizes community of husband and wife in the goods acquired by the effort of either one of them after the marriage, but does not at all interfere with the separate ownership of either one in property coming from outside sources, and not from the efforts of the spouse in question. This would seem to be the case here. The bill alleges that the property was purchased with the proceeds of estates inherited from plaintiff's father and mother, and under the allegations of the bill this cannot be community property in any sense of the word. It would seem, therefore, that, whether the property mentioned in the bill is to be regarded as community or not, the suit is properly brought.

It follows that the motion to dismiss must be denied, and it is so ordered.